UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

FRANCISCO LARA-SAAVEDRA,

       Petitioner,

v.                        **MEMORANDUM OF LAW & ORDER**
                            Civil File No. 18-2989 (MJD/LIB)

JEFFERSON BEAUREGARD SESSIONS, III,
Attorney General; et al.,

       Respondents.

Francisco Lara-Saavedra, pro se.

Pamela Marentette, Assistant United States Attorney, Counsel for Respondents.

## I. INTRODUCTION

This matter is before the Court on Petitioner Francisco Lara-Saavedra's Motion for Emergency Temporary Restraining Order or Preliminary Injunction. [Docket No. 11] Because the Court has no jurisdiction, the motion is denied without prejudice, the matter is transferred to the Eighth Circuit Court of Appeals, and the hearing that was set for Wednesday, February 13, 2019, is cancelled.

## II. BACKGROUND

### A. Factual Background

Petitioner Francisco Lara-Saavedra is a Mexican citizen and entered the United States illegally at an unknown time. (Second Wright Decl. ¶ 4.) Immigration and Customs Enforcement ("ICE") took Petitioner into custody on April 24, 2018, and he was ordered detained without bond. (First Wright Decl. ¶ 5.)

On June 22, 2018, Petitioner applied for U-visa (the crime victim visa), and his application is still pending. (Second Wright Decl. ¶ 7.) On August 7, 2018, the Immigration Judge denied all relief from removal and ordered Petitioner removed to Mexico. (Second Wright Decl. ¶ 8.) On August 29, 2018, he filed a notice of appeal of the Immigration Judge's order to the Board of Immigration Appeals ("BIA"). (Id.; Second Wright Decl., Ex. A.) Petitioner argued that his removal proceedings should be closed due to his pending U-Visa application and that his immigration attorney was ineffective before the Immigration Judge.

### B. Procedural History

On October 22, 2018, Petitioner filed this pro se § 2241 habeas petition against the Attorney General, the Secretary of the Department of Homeland Security, the Acting Director of ICE, the Director of the St. Paul Field Office of ICE, and the Sheriff of Freeborn County. Petitioner claimed that his continued

detention pending removal was unconstitutional and requested that the Court grant him relief in the form of release onto supervision pending his removal decision.

On January 11, 2019, the BIA informed Plaintiff that it was dismissing his appeal and that he had 30 days to file a petition for review of the BIA decision with the Court of Appeals. (Petitioner Exs., Ex. D; Second Wright Decl. ¶ 12; Second Wright Decl., Ex. A.) Now that there is a final order of removal, Petitioner will be removed on an ICE charter flight in the next week. (Second Wright Decl. ¶ 13.)

On February 7, 2019, Petitioner filed the current motion for a temporary restraining order. Petitioner claims he is preparing a motion to reopen with the BIA and wants this Court to stay deportation while the motion to reopen is filed and considered on the issue of ineffective assistance of counsel and while the adjudication of his U-Visa application is decided.

### III. DISCUSSION

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings,

> adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

"A claim that is 'connected directly and immediately' to a decision to execute a removal order arises from that decision." Silva v. United States, 866 F.3d 938, 940 (8th Cir. 2017) (citation omitted). "The statute [] makes no distinction between discretionary and nondiscretionary decisions. So long as the claim arises from a decision to execute a removal order, there is no jurisdiction." Id.

In Silva, the Eighth Circuit noted that, in Jama v. Immigration & Naturalization Service, 329 F.3d 630 (8th Cir. 2003), aff'd, 543 U.S. 335 (2005), the court had "essentially carved out an exception to § 1252(g) for a habeas claim raising a pure question of law, in part due to concerns that a contrary rule would give rise to substantial constitutional questions." Silva, 866 F.3d at 941. Thus, a challenge to "the Attorney General's construction of a statute" would qualify under Silva, but not a "fact-intensive inquiry into whether conditions in [a particular country] have changed such that his removal should be prevented and whether he has been afforded adequate due process." Abukar v. Whitaker, No. CV 18-3254 (DSD/KMM), 2018 WL 6191149, at *2 (D. Minn. Nov. 28, 2018).

As this Court held in Adan v. Sessions, "any appeal of the BIA's decision on the initial removal order or the motion to reopen is within the exclusive jurisdiction of the appropriate Court of Appeals." No. CV 17-5328 (MJD/BRT), 2017 WL 6001740, at *3 (D. Minn. Dec. 4, 2017) (citing Tostado v. Carlson, 481 F.3d 1012, 1014 (8th Cir. 2007); Mata v. Lynch, 135 S. Ct. 2150, 2153-54 (2015)). The "sole and exclusive means for judicial review of an order of removal" is filing a petition for review "with the appropriate court of appeals." 8 U.S.C. § 1252(a)(5). The Eighth Circuit Court of Appeals may grant a stay of removal pending adjudication of the petition for review, but that decision is within the discretion of the Eighth Circuit. Id. § 1252(b)(3)(B). See also Tostado v. Carlson, 481 F.3d 1012, 1014 (8th Cir. 2007) (holding that "district courts no longer have habeas jurisdiction to review final orders of review [sic]; instead, any habeas corpus petition pending in the district court in which an alien challenges a final administrative order of removal, deportation, or exclusion must be transferred by the district court to the appropriate court of appeals").

Because the Court does not have jurisdiction to review the execution of the final order of removal, the Court denies the motion for a temporary restraining order without prejudice. Petitioner is not challenging the Attorney General's

interpretation of a statute or other legal question. He is challenging whether the BIA erred in finding that his counsel was not ineffective and requesting a stay while his U-Visa application is considered, which may take many years. The original underlying habeas petition addresses the constitutionality of the length of Petitioner's detention. This original issue will be moot as Petitioner is set to be removed within the next week. Thus, the Court interprets Petitioner's filings to have changed the basis for his habeas to those issues set forth in his motion for a temporary restraining order. While this Court does not have jurisdiction to decide these issues, the Eighth Circuit Court of Appeals may address them. Thus, the matter is transferred to the Eighth Circuit Court of Appeals for review of the BIA's decision and request for a stay.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. Petitioner Francisco Lara-Saavedra's Motion for Emergency Temporary Restraining Order or Preliminary Injunction. [Docket No. 11] is **DENIED WITHOUT PREJUDICE**.

2. The hearing set for February 13, 2019, is **CANCELLED**.

3. The Clerk of Court shall **TRANSFER** this action to the United States Court of Appeals for the Eighth Circuit.

Dated: February 12, 2019  s/ Michael J. Davis
Michael J. Davis
United States District Court